UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-20305-CIV-LENARD/O'SULLIVAN

LUCIANNA DAOUT,
    Plaintiff,

v.

GREENSPOON MARDER P.A.,
    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion to Remand and Incorporated Memorandum of Law (DE# 31, 3/18/13). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Joan A. Lenard for a final Order[1] in accordance with 28 U.S.C. § 636(b). See Order of Reference of Certain Matters to Magistrate Judge (DE# 23, 3/7/13).

On March 18, 2013, the plaintiff filed the instant motion. See Plaintiff's Motion to Remand and Incorporated Memorandum of Law (DE# 31, 3/18/13). The defendant filed its response in opposition on April 4, 2013. See Defendant's Response in Opposition to Plaintiff's Motion for Remand (DE# 35, 4/4/13). The plaintiff did not file a reply. This matter is now ripe for consideration.

## STANDARD OF REVIEW

The plaintiff seeks to remand the instant case to state court on the ground that the claim asserted is a state law claim and the Court does not have jurisdiction over her claim. See Plaintiff's Motion to Remand to State Court and Memorandum of Law (DE# 14 at 2-3, 7/20/11). The party who has removed the action to federal court "bears the

---

[1] On March 6, 2013, the parties consented to magistrate judge jurisdiction over certain motions including motions for remand. See Joint Consent to Jurisdiction By a United States Magistrate Judge (DE# 22-1, 3/6/13).

burden of proving proper federal jurisdiction." Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir.2002) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir.2001)). The Eleventh Circuit recognizes that removal statues must be strictly construed and that all doubts about jurisdiction should be resolved in favor of remand to the state court. Univ. of S. Ala. v. Am. Tobacco, 168 F.3d 405, 411 (11th Cir. 1999)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941))."The determination of whether federal question jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint; an anticipated or even inevitable federal defense generally will not support removal based upon federal question jurisdiction." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987)).

## ANALYSIS

**1.     Motion for Remand**

The plaintiff seeks to remand this action to state court on the ground that this Court does not have federal jurisdiction over her state law claim. See Plaintiff's Motion to Remand to State Court and Memorandum of Law (DE# 14 at 2-3, 7/20/11). The plaintiff's one-count complaint [2] alleges a cause of action under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55-559.785. Specifically, the plaintiff alleges that the defendant violated section 559.72(9) of the FCCPA. Section

---

[2] On May 1, 2013, the plaintiff sought leave to amend her complaint. See Plaintiff's Motion for Leave to Amended the Complaint and Incorporated Memorandum of Law (DE# 42, 5/1/13). The proposed amended complaint attached as an exhibit to that motion does not seek to assert any federal causes of action. As such, it does not affect the Court's analysis in this Order.

559.72(9) states that a person attempting to collect a consumer debt may not: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, **or assert the existence of some other legal right when such person knows that the right does not exist**." Fla. Stat. § 559.72(9) (emphasis added). The complaint states that the "[d]efendant asserted that the alleged debt would be assumed to [sic] valid when [the d]efendant knew that [sic] be untrue, in contravention of Florida Statues § 559.72(9)." Statement of Claim (DE# 6-1 at ¶19, 1/30/13).[3] According to the complaint, the defendant made the alleged untrue assertion when it omitted certain language required by section 1692g(a)(3) of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., in a notice titled "Notice Required By the Fair Debt Collection Practices Act." Id. at ¶¶11-15 (citing 15 U.S.C. § 1692g(a)(3)).

It is undisputed that there is no diversity jurisdiction in this case. The parties are both residents of Florida and the amount in controversy does not meet the $75,000.00 jurisdictional threshold. Thus, in order for the Court to have jurisdiction over the plaintiff's claim, the complaint must establish federal question jurisdiction. 28 U.S.C. §1331. The Eleventh Circuit explained that:

> Federal question jurisdiction exists if the plaintiff's suit arises under the Constitution, treaties or laws of the United States. In general, a case arises under federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim.

Pacheco de Perez, 139 F.3d at 1373 (internal citation and quotation marks omitted).

Here, the plaintiff's one-count complaint is predicated upon a violation of a state

---

[3] The plaintiff's complaint was titled "Statement of Claim" presumably because it was filed in county court.

3

statute. Nonetheless, the defendant argues that the Court has federal question jurisdiction in this case because the complaint purports to allege a violation of the FDCPA, a federal law. See Defendant's Response in Opposition to Plaintiff's Motion for Remand (DE# 35 at 2, 4/4/13). The defendant maintains that "[a]ssuming that [the p]laintiff can establish a violation of the FCCPA based upon a violation of the FDCPA, [the p]laintiff must first establish that [the defendant] was acting as a debt collector and subject to the requirements of FDCPA." Id. at 3. Thus, according to the defendant, "resolution of this matter turns on a resolution of federal law." Id.

Where, as here, the parties are not diverse and the complaint does not plead a federal cause of action, a claim may still "arise under" federal law if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). In other words, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in the federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, – U.S. –, 133 S.Ct. 1059, 1065 (2013). Here, it is unnecessary for the Court to engage in an exhaustive analysis of all four factors because the third factor, substantiality, cannot be met in the instant case.

The Eleventh Circuit has identified three factors in determining whether the substantiality requirement of Grable has been met. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1299-1300 (11th Cir. 2008). "[A] crucial factor supporting

4

the result in Grable was the presence of a "nearly pure issue of law." Id. at 1299 (citing Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 700 (2006) (internal quotation marks omitted). The Eleventh Circuit identified the "two other factors central to Grable's substantiality analysis" as "the importance of the government's interest in the disputed federal [law] and the ability of a federal agency to vindicate its action in federal court." Id. at 1300.

     In Meyer v. Health Management Associates, Inc., 841 F. Supp. 2d 1262, 1264 (S.D. Fla. 2012), this Court remanded a case to state court notwithstanding the fact that the state court would need to find a violation of a federal statute in order for the plaintiff to prevail on his state statutory claim. In Meyer, the plaintiff filed a state court action for retaliatory discharge under Florida's Whistleblower Act, Fla. Stat. § 448.102. The amended complaint included an allegation that the plaintiff "was unlawfully discharged . . . after he uncovered internally reported widespread Medicare fraud at certain hospitals operated by [the defendant]. Id. The defendant removed the action to federal court on the ground that: "[the p]laintiff's Whistleblower claim, as pled, necessarily raise[d] substantive and disputed issues of federal law, which a federal court [could] entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 1265. "According to [the defendant], a substantial and disputed issue of federal law [wa]s implicated by [the] lawsuit because [the plaintiff would] have to establish that [the defendant] actually violated the Medicare laws" in order to prevail in his state law whistleblower claim. Id. This Court rejected the defendant's argument finding that the "case d[id] not present a federal question within the narrow rule of Grable & Sons." Id. at 1266. This Court found that the defendant failed to carry "its

5

burden to establish that this disputed issue [wa]s "substantial." Id. at 1268. This Court found substantiality lacking because, inter alia: (1) the issues of whether the defendant's conduct was fraudulent, when it was deemed to have knowledge of errors and omissions and whether it had timely disclosed such errors were all factual questions, unlike the "nearly pure issue of law" in Grable, (2) the case did not implicate a federal actor such as a government agency and (3) "the state courts' handling of cases such as this one, where the interpretation of the federal Medicare law [wa]s but one part of the underlying lawsuit, [would] not meaningfully encroach upon the work of the federal courts in construing the Medicare statutes." Id. at 1269-70.

     Similarly here, the substantiality requirement is not met. Even if the state county court were to determine that the defendant's notice did not comply with the FDCPA in the instant case, the plaintiff would still have to prove that the defendant knew that the right asserted in the notice did not exist. See Fla. Stat. § 559.72(9) (precluding a person from "assert[ing] the existence of some other legal right when such person **knows** that the right does not exist.") (emphasis added). This knowledge component is an issue of fact which makes the instant action distinct from the "nearly pure issue of law" in the Grable case. The other two factors also militate against a finding of substantiality in this case. The instant action is between private parties and does not implicate the actions of any federal agency. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1300 (11th Cir. 2008) (noting that the case was "unlikely to impact the federal government's interests or its ability to vindicate those interests through administrative action."). Finally, the state county court's adjudication of the instant case will not encroach on the federal court's interpretation of the FDCPA. Assuming the state court will need to interpret

6

portions of the FDCPA, the case will still be decided on factual issues, namely whether the defendant committed the FCCPA violation knowingly. Thus, a ruling from the state county court in this case is unlikely to affect the outcome of any similar lawsuits in other courts. See Meyer, 841 F. Supp. 2d at 1270 (noting that "the interpretation of Medicare law in [Meyer] will not be controlling in numerous other[ lawsuits] because th[at] case does not present 'a context-free inquiry into the meaning of a federal law'" and "the federal courts are never bound by a state court's interpretation of federal law") (quoting Bennett v. Southwest Airlines Co., 484 F.3d 907, 910 (7th Cir. 2007)).

Federal question jurisdiction is not present in this case even if the state court will need to refer to or even interpret the FDCPA in resolving the plaintiff's state law claim under the FCCPA. The Supreme Court has stated that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986). "The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer federal subject matter jurisdiction — the implicated federal issue must be **substantial**." Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, (11th Cir. 2004) (emphasis in original) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983)). Here, the substantiality requirement has not been satisfied. Because there is no federal question jurisdiction and there is no diversity jurisdiction, this Court has no jurisdiction over the instant action.

**2.     Request for Attorney's Fees**

In her motion for remand, the plaintiff requests costs and attorney's fees incurred as a result of the removal. See Plaintiff's Motion to Remand and Incorporated Memorandum of Law (DE# 31 at 3, 3/18/13). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees and costs under § 1447(c) is within the Court's discretion. Rae v. Perry, 392 F. App'x 753, 754 (11th Cir. 2010). A showing of bad faith is not necessary as a predicate to the award of attorney's fees. See Tran v. Waste Mgmt., Inc., 290 F. Supp. 2d 1286, 1295 (M.D. Fla. 2003). Instead, the Court may award fees and costs for improper removal or if there was no objectively reasonable basis for removal. Id. (citation omitted). Here, while the defendant's removal was ultimately unsuccessful, the Court finds that it was not improper or objectively unreasonable. Accordingly, the plaintiff's request for costs and attorney's fees is **DENIED**.

## CONCLUSION

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion to Remand and Incorporated Memorandum of Law (DE# 31, 3/18/13) is **GRANTED in part and DENIED in part**. The Clerk of the Court is hereby directed to **REMAND** this action to the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The plaintiff's request for costs and attorney's fees is **DENIED**. It is further

ORDERED AND ADJUDGED that Greenspoon Marder P.A.'s Motion to Dismiss

and Incorporated Memorandum of Law (DE# 17, 2/19/13) and the Plaintiff's Motion for Leave to Amended the Complaint and Incorporated Memorandum of Law (DE# 42, 5/1/13) are **DENIED without prejudice to renew** in the state court proceeding. It is further

ORDERED AND ADJUDGED that the Clerk of the Court shall mark this case **CLOSED**.

DONE AND ORDERED at Miami, Florida, this **28th** day of May, 2013.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record